**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HOLLY VANDERWERKEN

Case No.: 22-cv-869

     Plaintiff,

v.

TD BANK,
a national banking Institution,
EQUIFAX INFORMATION
SERVICES, LLC,
a foreign limited liability company,

     Defendants.

_____/

**<u>COMPLAINT</u>**

Plaintiff, HOLLY VANDERWERKEN (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, TD BANK, (hereinafter, "TD BANK") and EQUIFAX INFORMATION SERVICES, LLC (hereinafter, "Equifax")(hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

**<u>PRELIMINARY STATEMENT</u>**

1.    This is an action for damages for violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the

1

"FCRA") wherein TD Bank and its representatives used negative credit reporting of a debt discharged in bankruptcy, both to the substantial detriment of Plaintiff's credit rating and in violation of the FCRA.

## JURISDICTION, VENUE & PARTIES

2.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the  FCRA, 15 United States Code, Section 1681, *et seq*.

3.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District and the events described herein occur in this District.

4.      Venue is proper in this District as the acts and transactions described herein occur in this District.

5.      At all material times herein, Plaintiff is a natural person residing in Hernando County, Florida.

6.      At all material times herein, TD Bank is a national banking intuition authorized to conduct business in Florida, with its principal place of business located at Two Portland Square, Portland, ME 04112.

7.      At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal

2

place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309.

## FCRA STATUTORY STRUCTURE

8.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

9.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  15 U.S.C., Section 1681e(b) (emphasis added).

10.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from the consumer's file before the end of the 30-day period beginning on the date on which the agency receives

3

notice of the consumer's dispute.  15 U.S.C., Section 1681i(a).

11.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.   15 U.S.C., Section 1681i(a)(4).

12.     Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  15 U.S.C., Section 1681i(a)(5).

13.     Under the FCRA, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.  15 U.S.C., Section 1681s-2(a)(3).

14.     Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the

completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete **or cannot be verified** after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information. 15 U.S.C., Section 1681s-2(b) (emphasis added).

15. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual

damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees and costs.  15 U.S.C., Section 1681n.

16.   Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees and costs.  15 U.S.C., Section 1681o.

## GENERAL ALLEGATIONS

17.   At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c).

18.   At all material times herein, TD Bank, itself and through its affiliates, regularly attempts to collect debts, including but not limited to, alleged balances due from Plaintiff on a discharged debt.

19.   At all material times herein, TD Bank is also a "person" who furnishes information to credit reporting agencies as provided in the FCRA

and as defined by 15 United States Code, Section 1681s-2.

20.    At all material times herein, TD Bank furnished information concerning the Account to Equifax in a knowing attempt to extract and collect payment from Plaintiff on the Account.[1]

21.    TD Bank furnishes, reports, publishes, and verifies via investigation specific details of consumers' alleged outstanding or delinquent debt accounts to compel or coerce the alleged debtor to either satisfy the alleged balance or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

22.    At all material times herein, Equifax is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Equifax disburses such consumer reports to

---

[1] *See Arianas v. LVNV Funding*, 2015 WL 404238, Case No. 8:14-cv-01531-T-27-EAJ (M.D. Fla. Jan. 8, 2015) (noting that while furnishing information to a consumer credit bureau *alone* cannot constitute an attempt to collect a debt in violation of the FCCPA as such violation is preempted by the FCRA, a creditor that "knowingly [attempts] to enforce payment on accounts" by reporting the debt to a consumer reporting agency *can* engage in unlawful debt collection in violation of the FCCPA—not preempted by the FCRA—even without any additional collection attempts) (emphasis added); *see also Best v. Bluegreen Corporation*, 2014 WL 6883083, Case No. 14-80929-CIV (S.D. Fla. Dec. 4, 2014); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007); *Matter of Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); and *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

third parties under contract for monetary compensation.

23.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

24.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

## FACTUAL ALLEGATIONS

25.     On October 5, 2020, Plaintiff filed for bankruptcy pursuant to Chapter 7 of Title 11 of the United States Bankruptcy Code in the Middle District of Florida, Case No. 8:20-bk-07497 (the "Bankruptcy Case").

26.     Plaintiff properly listed TD Bank, USA d/b/a Target Store Card ending in -4421 (i.e. the Account) as an unsecured creditor in her Bankruptcy Case.

27.     Notice of the Bankruptcy Case was subsequently provided to TD Bank.

28.     Notice of the discharge of debt, including the Account, was further subsequently provided to TD Bank.

29.     On April 5, 2021, Plaintiff obtained a copy of her Equifax credit report.  (hereinafter, the "April 2021 Equifax Report").

30.     In the April 2021 Equifax Report, TD Bank reported the Account as "charged off," with a balance due and past due of $1,402 updated as of April 2020.

31.     On May 11, 2021, Plaintiff disputed TD Bank's credit reporting by letter to Equifax (hereinafter, the "First Dispute Letter").  Please see attached a true and correct copy of Plaintiff's First Dispute Letter, labeled as **Exhibit "A".**

32.     In the First Dispute Letter, Plaintiff disputed TD Bank's inaccurate reporting of the Account, explaining that:

    a.     The Account had been discharged as part of the Bankruptcy Case;

    b.     The Account should be updated to reflect a balance of zero and no amounts past due; and

    c.     The Account should be updated to reflect that the Account was discharged.

33.     Equifax communicated Plaintiff's First Dispute Letter to TD Bank.

34.     Equifax failed to respond to Plaintiff's First Dispute Letter.

35.     On September 8, 2021, Plaintiff obtained a copy of her Equifax credit report.  (hereinafter, the "September 2021 Equifax Report").

36.     In the September 2021 Equifax Report, TD Bank reported the Account as "charged off," with a balance due and past due of $1,402 updated as of April 2020.

37.     Nothing in the reporting of the Account changed as a result of Plaintiff's First Dispute Letter. Rather, in the September 2021 Equifax Report, TD Bank reported the Account as "charged off," with a balance due and past due of $1,402 updated as of April 2020.

38.     On or about September 9, 2021, Plaintiff applied for credit with Capital One and was denied.

39.     On September 13, 2021, with undersigned counsel's assistance, Plaintiff disputed TD Bank's credit reporting by a second letter to Equifax (hereinafter, the "Second Dispute Letter").  Please see attached a true and correct copy of Plaintiff's Second Dispute Letter, labeled as **Exhibit "B".**

40.     Plaintiff's Second Dispute Letter provided new information that was not previously contained in the First Dispute Letter, including but not limited to, TD Bank's failure to update the credit reporting of the Account as

discharged in bankruptcy, with no amounts past due and zero balance currently being owed. Plaintiff further provided proof that the Account was included in her Bankruptcy Case and a copy of the discharge.

41.     Equifax communicated Plaintiff's Second Dispute Letter to TD Bank.

42.     On October 3, 2021, Equifax sent Plaintiff a letter in response to her Second Dispute Letter (hereinafter, "Equifax's First Response") providing "updated information" regarding the Account and finally notated that the Account was included in bankruptcy with zero balance owed.

43.     TD Bank communicated the negative history and the amount due and past due amounts to the CRAs in an attempt to collect the Account from Plaintiff.

44.     Furthermore, TD Bank communicated the results of its investigation to Plaintiff via Equifax, conveying to Plaintiff that a balance was both due and past due regarding the Account.

45.      Plaintiff retained Rebbecca Goodall Law P.A. for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

46.     As a direct result of the debt collection, communicating, and inaccurate reporting of the Account on Plaintiff's credit reports, Plaintiff has been unable to obtain financing.

47.     Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite her dispute efforts, Plaintiff must endure the erroneous and incorrect reporting of the Account, as well as TD Bank's continued unlawful continued debt collection attempts.

48.     Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Account, and that Plaintiff would instead pay higher interest rates in the event she could obtain financing.  In fact, Plaintiff suffered additional actual damages in the form of damage to her credit reputation, higher credit costs, other additional costs and fees, and less access to credit.

49.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of between $100 up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against TD Bank and Equifax.

50.    At all material times herein, it would have been possible for Defendants to avoid violating the terms of the FCRA.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

51.    Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

52.    Equifax willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding Plaintiff's Account.

53.    Specifically, despite the First Dispute Letter in which Plaintiff directly informed Equifax that the Debt associated with the Account has been discharged as part of her Bankruptcy Case, Equifax continued to report the Account as past due and charged off, and did not reference Plaintiff's dispute, or notate Plaintiff's Account that no balance was personally owed, causing the Account to be included when calculating Plaintiff's credit score, which caused

her credit score to fall, and correspondingly inhibited Plaintiff from obtaining the desired financing.

54.     Further, Equifax willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the above-referenced inaccuracies contained in Plaintiff's credit reports.

55.     Specifically, despite the Second Dispute Letter in which Plaintiff provided Equifax with additional proof that the Debt was discharged, Equifax continued to report the Account as past due and charged off, and did not reference Plaintiff's disputes, causing the Account to be included when calculating Plaintiff's credit score, which caused her credit score to fall.

56.     Such reporting of the Account is false, short-sighted and evidences Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

57.     As a result of Equifax's conduct, actions, and inactions, Plaintiff incurred higher interest rates and less favorable terms on consumer loans and other consumer transactions and was denied access to her credit.

58.     Equifax's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

59.     Equifax's individual violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT TWO:
### FAIR CREDIT REPORTING ACT—
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

60.     Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable reinvestigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the information in Plaintiff's credit reports and credit file.

61.     Specifically, Equifax willfully or negligently refused, or both, to properly reinvestigate Plaintiff's consumer report upon receiving Plaintiff's disputes, as described herein.

62.     For example, despite receiving Plaintiff's First Dispute Letter, Equifax's reinvestigations were not conducted in such a way as to assure the maximum possible accuracy of the Account on Plaintiff's credit reports.

63.     As noted above, Equifax did independently verify with TD Bank whether the Debt and Plaintiff's corresponding liability was discharged on the Account as part of the Bankruptcy Case.

64.     Furthermore, Equifax continuously reported the Account as a past due obligation on Plaintiff's credit reports without referencing Plaintiff's disputes or the fact that the Debt associated with the Account had been waived. Nevertheless, Equifax had direct knowledge of and reported Plaintiff's Bankruptcy Case.

65.     Such credit reporting is false and evidences Equifax's failure to conduct a reasonable reinvestigation of Plaintiff's disputes regarding the Account.

66.     Equifax's reinvestigations of Plaintiff's disputes were not conducted reasonably.

16

67.     Equifax's reinvestigations of Plaintiff's disputes were not conducted in good faith.

68.     Equifax's reinvestigation procedures are unreasonable.

69.     Equifax's reinvestigations of Plaintiff's disputes were not conducted using all information reasonably available to the CRAs.

70.     Equifax's reinvestigations were *per se* deficient by reason of these failures in Equifax's reinvestigations of Plaintiff and the Account.

71.     Equifax's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT THREE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

72.     Equifax is subject to, and violated the provisions of, 15 United states Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant

attachments.

73.     Specifically, despite receiving Plaintiff's First Dispute Letter, which informed Equifax that the debt was listed in and discharged in the Bankruptcy Case, Equifax failed to review and consider all information received in Plaintiff's disputes, including all relevant attachments.

74.     Equifax's failure to review and consider all information received in Plaintiff's dispute, including all relevant attachments, was done in bad faith.

75.     Equifax's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FOUR:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)**

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

76.     Equifax is subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes as inaccurate or that

could not be verified.

77.    Specifically, despite receiving Plaintiff's First Dispute Letter, which informed Equifax that the debt was listed in and discharged in the Bankruptcy Case, Equifax failed to update or delete information on Plaintiff's credit reports with respect to the Account that was either inaccurate or could not be verified.

78.    As a direct result of Equifax's conduct, actions, and/or inactions, Plaintiff sustained damages to her credit and loss of access to credit, as well as the reporting of a balance owed on an Account that was discharged in bankruptcy.

79.    Equifax's conduct was a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

80.    Equifax's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT FIVE:
### FAIR CREDIT REPORTING ACT –

## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

81.    TD Bank is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully or negligently publishing or furnishing—or both—inaccurate Account information within Plaintiff's credit reports, failing to fully and properly investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to correctly report the Account on Plaintiff's credit reports after investigating Plaintiff's disputes.

82.    As described above, despite receiving notice of Plaintiff's disputes from Plaintiff as well as from Equifax, TD Bank willfully or negligently reported—or both—erroneous credit information regarding the Account to Equifax.

83.    Specifically, after receiving notice of Plaintiff's repeated disputes from Equifax, TD Bank inaccurately reported the Account as past due, as charged-off, and failed to report the Debt associated with the Account as discharged, which ultimately reflected negatively on Plaintiff's credit reports and credit file.

84.     Additionally, TD Bank violated the FCRA, Section 1681s-2(b)'s, "completeness" requirement by failing to notate in its reporting to Equifax that the Account was disputed by Plaintiff.

85.     Further, TD Bank reported the immediately-aforementioned negative Account information with actual knowledge that the Debt associated with the Account was discharged.

86.     TD Bank's investigations were not conducted in good faith.

87.     TD Bank's investigations were not conducted reasonably.

88.     TD Bank's investigations were not conducted using all information reasonably available to TD Bank.

89.     As a result of TD Bank's conduct, actions, or inactions, Plaintiff was damaged, suffering injury to her credit and reputation, credit score, and a loss of access to credit, all as a result of reporting and collecting a Debt associated with the Account was waived and is no longer personally enforceable against Plaintiff.

90.     TD Bank's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

91.     TD Bank's actions in violation of 15 United States Code, Section

1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against TD Bank and Equifax declaring that TD Bank and Equifax violated the FCRA;

b.      Judgment against TD Bank and Equifax for maximum statutory damages for the violations of the FCRA;

c.      Actual damages in an amount to be determined at trial;

d.      Compensatory damages in an amount to be determined at trial;

e.      Punitive damages  the FCCPA and FCRA in an amount to be determined at trial;

f.      An award of attorneys' fees and costs; and

g.      Any other such relief the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by right.

## **SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,
REBBECCA GOODALL LAW, PA

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
rgoodall.law@gmail.com
P.O. Box 1304
Elfers, FL 34680
(813) 438-3695
Attorney for Plaintiff